## IN RE CASELLI.

### (No. 5,004.)

(Submitted January 17, 1922. Decided January 24, 1922.)

[204 Pac. 364.]

*Habeas Corpus—Public Health—Communicable Diseases—Quarantine—Police Power—Constitution.*

Public Health—Communicable Diseases—Quarantine—Police Power—Preliminary Judicial Inquiry not Required.
    1. The legislature under its police power may enact laws authorizing the establishment of quarantine regulations and requiring the detention of persons affected with contagious diseases dangerous to the public health without resort to a preliminary judicial proceeding to determine the character of the disease and the facts constituting the danger to public health.

*Habeas Corpus*—Quarantine—Legality of Detention.
    2. A person placed in quarantine because affected with a communicable disease may, on *habeas corpus*, challenge the right of the authorities to continue his detention if the facts upon which the order was made no longer exist.

Same—Public Health—Quarantine—Constitution.
    3. The provisions of the Fourteenth Amendment to the Constitution of the United States, and of sections 6 and 7 of Article III of the state Constitution, to the effect that no person may be deprived of his liberty without due process of law, have no application to the case of one detained in quarantine because affected with a dangerous communicable disease.

Same—Quarantine—Justification Under Evidence.
    4. Evidence showing that a woman had been plying her trade as a prostitute within a short time prior to her arrest by the county health officer under Chapter 106, Laws of 1919, and detention in quarantine on the ground that she was affected with gonorrhea, was a constant associate of prostitutes, *etc., held* sufficient to warrant her detention until such time as it was safe to allow her to go at large. (At Chambers.)

APPLICATION by Mamie Caselli for a Writ of Habeas Corpus. Writ discharged and complainant remanded.

*Messrs. Russell, Madeen & Clarke,* for Complainant, submitted a brief; *Mr. Chas. H. Russell* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. A. H. Angstman* and *Mr. Gael G. Wilson,* Assistant Attorneys General, and *Mr. Lloyd I. Wallace,* for the State, submitted a brief; *Mr. Wilson* argued the cause orally.

AT CHAMBERS.

MR. CHIEF JUSTICE BRANTLY delivered the opinion.

The complainant herein is held by the sheriff of Missoula county under an order of the health officer of the city and county of Missoula made under the quarantine regulations established by the state board of health, under Chapter 106 of the laws of the sixteenth legislative assembly, on the ground that, according to the information of the health officer, she is affected with gonorrhea, a disease declared by the statute to be contagious, communicable, and, therefore, dangerous to the public health. She has applied to me for a writ of *habeas corpus* to obtain her release on the grounds: (1) That she was not granted a judicial hearing prior to the time she was taken and detained by the sheriff; and (2) that the facts do not exist showing that she is affected with the disease and so conducts herself as to be dangerous to the public health.

1. Counsel have presented briefs in support of their several contentions, but I shall not undertake to enter here upon an [1] examination of the numerous decisions cited by them. There is, perhaps, no authority to be found at this late day which denies that the legislature, under its police power, may enact laws authorizing the establishment of quarantine regulations and requiring the detention of persons affected with contagious diseases dangerous to the public health without resort

to a preliminary judicial proceeding to determine the character of the disease and the facts constituting the danger to public health. Under the statute before us the proper health officer may issue his warrant directing the arrest, without notice, of any person reasonably suspected of having a communicable disease, and his detention for the time being and until the existence and character of the disease can be determined; and, in case his course of conduct or condition is such, in the judgment of the health officer, as to render it necessary to protect the public health, to isolate such person until he recovers from the disease or until he may be released without [2] further danger to the public. If, however, after his arrest, such person challenges the right of the authorities to continue his detention, he is entitled to have its legality inquired into upon *habeas corpus*. The existence of the power of the health officer to detain anyone rests upon the existence of the facts making such detention necessary. The law does not deprive any citizen of the right to be heard on this question, but he is not entitled to a hearing in the first instance. "The detention of persons affected with or suspected of contagious disease in quarantine presents one of the cases where the police power is literally the law of self-defense—a paramount necessity." (Freund's Police Power, sec. 446.) If the contention of counsel for the complainant should be upheld, this law of self-defense—necessity—would be rendered entirely inoperative while the judicial proceeding would be in progress. In my opinion, the Fourteenth Amendment to the [3] Constitution of the United States and sections 6 and 7 of Article III of the Constitution of the state of Montana, relied on by complainant's counsel, have no application to this class of cases. I cannot conclude that the makers of the two Constitutions ever contemplated a situation where a state would be rendered powerless to protect itself by prompt and speedy action from the spread of a contagion which by neglect might reach to and affect any considerable number of people in a community.

2. Counsel for the state insists that the finding of the county health officer in such a case declaring that the detained citizen is afflicted with a contagious disease, and is therefore dangerous to the public health, is conclusive and not subject to review by the courts.   There is some conflict of authority on this subject, but the great weight of it supports the rule stated at the outset of the opinion, namely, that the law does not tolerate the arrest and detention of any citizen without the right to challenge the existence of the facts upon which he is held.

The facts introduced at the hearing established clearly that [4] the complainant is affected with gonorrhea.   This was ascertained by scientific means by the ·bacteriologist employed by the state board of health upon the application of the health officer of Missoula county.   The only uncertainty I encounter upon the whole case is whether the complainant, in her present condition, would, in fact, be dangerous to the health of the community in which she lives if she were allowed to go at large.   The testimony is not satisfactory, but it does disclose circumstances which justify the inference that the complainant, within a comparatively short time prior to her arrest, had been plying her trade of prostitute; that at one time during the past year she was found by the police occupying the same bed with a man other than her husband at a place which bears ill repute; that she has been found in the same place at other times since; that she has been a constant associate of other prostitutes; and that she has recently ·been found upon the streets of the city of Missoula at all times of the night at places where women not engaged in prostitution would not under any circumstances be found.   Upon this evidence I am constrained to the conclusion that the health officer was justified in directing her detention until she shall become cured or until she may be safely allowed to go at large.

I therefore discharge the writ and remand the complainant to the custody of the sheriff, to be held by him until she may be released according to law.